■ In the Matter of NEIL R. SEIGEL, Petitioner, v NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents.—Proceeding pursuant to CPLR article 78, instituted in this court pursuant to subdivision 4 of section 6510 of the Education Law, to review a determination of respondent which found petitioner guilty of certain charges following a disciplinary hearing and imposed upon petitioner as a penalty a three-year suspension and a $1,000 fine, with the last two years of the suspension stayed. The petitioner, a podiatrist, was charged with having been convicted of the crime of commercial bribe receiving, a violation of section 180.05 of the Penal Law, a class B misdemeanor, and with unprofessional conduct within the purview and meaning of subdivisions 5-a and 9 of section 6509 of the Education Law. Petitioner, while on the staff of the New York College of Podiatric Medicine, accepted $11,000 from a Doctor Emanuel Garbus upon an agreement between them that such money would be used to influence the admission of Doctor Garbus' son, Robert, to the college. Subsequently, petitioner delivered $10,000 of the money to a Doctor Halli who thereafter, without petitioner's knowledge, put it into a fund to influence legislators. The petitioner retained $1,000 of the money for his own personal use, placing it in his safety deposit box. On November 30, 1978, a hearing was held before the New York State Board of Podiatry, Committee on Professional Conduct, at which petitioner appeared with counsel. The panel found petitioner guilty of each specification of the charges and recommended that his license to practice podiatry be suspended for one year, but that the suspension be stayed and petitioner be placed on probation for one year. On July 18, 1979, the Regents Review Committee recommended to the Board of Regents that the findings of guilt be sustained as to each specification, but that the measure of discipline be modified in that petitioner's license to practice should be suspended for one year, followed by a two-year probationary period. The Board of Regents, on July 27, 1979, accepted the determination of guilt as to each of the charges, but voted to modify the penalty by fining petitioner $1,000, suspending his license for one year and placing petitioner on probation for an additional two years. On August 22, 1979, the Commis-

sioner of Education issued an order effectuating the vote of the Board of Regents. Petitioner urges that the suspension of his license for one year is inappropriate and disproportionate to the offenses charged. The Court of Appeals, in *Matter of Pell v Board of Educ.* (34 NY2d 222), emphatically stated that the power of the Supreme Court to review administrative action and the sanction imposed is limited. The test is whether such punishment is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness. We cannot conclude, in the instant case involving serious professional misconduct which impairs the integrity of the profession, that the sanction was other than appropriate and fitting to the turpitude involved. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Main, Mikoll and Casey, JJ., concur. Staley, Jr., J., not taking part.